129 A.3d 327

BRIAN DUNKLEY, PLAINTIFF–PETITIONER, v. S. CORALUZZO PETROLEUM TRANSPORTERS, DEFENDANT–RESPONDENT.

January 28, 2016.

Plaintiff has submitted a petition for certification of the judgment in A–003252–12 to this Court.

In *Aguas v. State,* 220 *N.J.* 494, 522–24, 107 *A.*3d 1250 (2015), we adopted the affirmative defense established by the Supreme Court in *Burlington Industries v. Ellerth,* 524 *U.S.* 742, 765, 118 *S.Ct.* 2257, 2270, 141 *L.Ed.*2d 633, 655 (1998) (the *"Ellerth/Faragher* test"). That standard imposes on the defendant employer the obligation to prove, by a preponderance of the evidence, first, "that the employer exercised reasonable care to prevent and to correct promptly sexually harassing behavior," and second, "that the plaintiff employee unreasonably failed to take advantage of preventive or corrective opportunities provided by the employer or to otherwise avoid harm." *Aguas, supra,* 220 *N.J.* at 524, 107 *A.*3d 1250 (citations omitted). We emphasized that "the defense provides no protection to an employer whose sexual harassment policy fails to provide 'meaningful and effective harassment policies and procedures for employees to use in response to harassment.'" *Id.* at 522–23, 107 *A.*3d 1250 (citations omitted).

In its published opinion affirming the trial court's grant of summary judgment, the Appellate Division panel misstated the defendant employer's burden with respect to the first prong of the *Ellerth/Faragher* test. The panel stated that *Aguas* requires a

showing that the employer "acted in a reasonable and prompt manner to prevent or correct the harassing behavior[.]" *Dunkley v. S. Coraluzzo Petroleum Transporters,* 441 *N.J.Super.* 322, 338, 118 *A.*3d 355 (2015) (citing *Aguas, supra,* 441 *N.J.* at 521, 107 *A.*3d 1250). The panel also stated that defendant met the requirements of *Aguas* merely because, after determining the reasons why plaintiff did not return to work, defendant "exercised reasonable care to prevent and correct harassing conduct by the prompt enforcement of its anti-discrimination policy." *Id.* at 339, 118 *A.*3d 355.

To the extent that the panel's language could be construed to suggest that an employer satisfies the first prong of the affirmative defense if it acts either to prevent or to correct harassing behavior, or that it need only take action to deter harassing conduct going forward, such a formulation is inconsistent with *Aguas,* and with the federal standard adopted in that case. Under *Aguas,* only an employer who instituted meaningful and effective anti-harassment policies and procedures intended to prevent discrimination, prior to the alleged discriminatory conduct, may assert the affirmative defense. An employer's imposition of such policies and procedures, only after the discriminatory conduct alleged in the case, does not entitle that employer to the affirmative defense recognized in *Aguas.*

Notwithstanding the preceding observation regarding the panel's characterization of the first prong of the *Aguas* affirmative defense, plaintiff's petition for certification, which challenges the panel's judgment affirming the grant of summary judgment based on an application of the *Aguas* standard to the record of this case, is denied.